**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 26 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ZERO MOTORCYCLES, INC., | No. 11-16984 |
| Plaintiff - Appellant, | D.C. No. 4:10-cv-01290-SBA |
| v. | |
| PIRELLI TYRE S.P.A.; PIRELLI & C. S.P.A., | MEMORANDUM[*] |
| Defendants - Appellees, | |
| and | |
| PIRELLI NORTH AMERICA, INC.; PIRELLI TIRE LLC, | |
| Defendants. | |

| | |
|---|---|
| ZERO MOTORCYCLES, INC., | No. 12-16187 |
| Plaintiff - Appellant, | D.C. No. 4:10-cv-01290-SBA |
| v. | |
| PIRELLI TYRE S.P.A.; PIRELLI & C. S.P.A.; PIRELLI NORTH AMERICA, INC.; PIRELLI TIRE LLC, | |

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Defendants - Appellees.

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Argued and Submitted April 19, 2013
San Francisco, California

Before: SCHROEDER, SILVERMAN, and BEA, Circuit Judges.

Plaintiff-Appellant Zero Motorcycles ("Zero") appeals the district court's order dismissing its action against Pirelli & C.S.p.A. and Pirelli Tyre S.p.A. (collectively, "Pirelli-Defendants") for lack of personal jurisdiction. We reverse, because the district court erred in concluding that it lacked specific jurisdiction over the Pirelli-Defendants. The district court held that the trademark proceedings the Pirelli-Defendants instituted before the United States Patent and Trademark Office ("USPTO") were not "purposefully directed" at California. The Pirelli-Defendants, however, knew that Zero's principal place of business was in California. *See Washington Shoe Co. v. A–Z Sporting Goods Inc.*, 704 F.3d 668, 679 (9th Cir. 2012); *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000). Any harm that Zero suffered from the allegedly improper USPTO proceedings would therefore be felt by Zero in California. *See CollegeSource, Inc. v. AcademyOne Inc.*, 653 F.3d 1066, 1079 (9th Cir. 2011)

2

("We have repeatedly held that a corporation incurs economic loss, for jurisdictional purposes, in the forum of its principal place of business."). Because the Pirelli-Defendants should reasonably expect that any harm from the USPTO proceedings would occur in California, they can "reasonably anticipate being haled into court" in California. *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

We accordingly dismiss as moot Zero's appeal of the district court's order denying Zero's motion for relief from judgment under Federal Rule of Civil Procedure 60, and we do not consider Zero's request for leave to amend its complaint to assert additional facts regarding jurisdiction.

**REVERSED** and **REMANDED**.